DIAMOND MILLS PAPER COMPANY, RESPONDENT, v. LEONARD HYGIENE ICE COMPANY, APPELLANT.

Submitted December 6, 1920—Decided February 28, 1921.

Where no ground of appeal in a record before the Court of Errors and Appeals raises in that court any alleged error in the court below, the appeal will be dismissed.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The plaintiff recovered a judgment against the defendant in the District Court in an action brought by the former against the latter for the price of a second-hand boiler alleged to have been sold and delivered to the latter by the plaintiff.

"At the time of the alleged sale, March 25th, 1915, the board of directors of the defendant company consisted of Samuel L. Leonard, president; Phillip Jaqur and Albright Van Vorhis, the latter being secretary and treasurer. The father of Albright Van Vorhis was treasurer of the plaintiff company, and had two brothers in the employ of the same company, at Saugerties. The testimony tended to establish that Albright Van Vorhis conducted the negotiations for the defendant company for the purchase of the boiler, through his brothers, with Charles Van Gilder, secretary of the plaintiff company. It appears that the price to be paid for the boiler was fixed by the plaintiff company. There was also testimony to the effect that after the boiler was installed, one Fred Van Vorhis visited the defendant company's plant, at Morristown, and there met the company's president, who expressed himself as being satisfied with the boiler, but at the same time pointed out certain things he deemed necessary to be done to perfect the boiler; that the plaintiff company agreed to do the things requested of it, provided it was furnished with a sketch by the president of what was desired.

This appears was done and the plaintiff company completed the work. The item of the sale was entered upon the books of the defendant company. Monthly statements of the amount due to the plaintiff were sent by it to the defendant company. The boiler was shipped to the defendant March 25th, 1915. The account ran from that time until action was brought in April, 1919. The defence was that Albert Van Vorhis was not authorized by the board of directors of the defendant company to purchase the boiler. But granting that he was not, the fact that the defendant kept the boiler for a period of four years and made use of it at its plant and caused the plaintiff to make repairs to it raised a permissible inference that the defendant company ratified the act of Van Vorhis, and that being so the finding of the trial judge is not reviewable.

"Under the forty-eighth section of the Sales act (4 *Comp. Stat.*, p. 4658) the buyer is deemed to have accepted the goods delivered to him if he does any act in relation to them, which is inconsistent with the ownership of the seller, or when, after a reasonable time, he retains the goods without intimating to the seller that he has rejected them.

"There was testimony to the effect that the boiler was a gift to one of the directors of the company by the plaintiff. This defence raised a controverted question of fact which was for the trial judge to decide, and his decision is not open to review.

"It is next argued that the court erred in receiving in evidence a letter written by Ray Leonard under date of April 14th, 1919, to the plaintiff in which the indebtedness for the boiler was admitted and which contained a promise to pay the debt off on July 1st. This letter was written to the plaintiff's attorney. It is urged that because the letter is signed 'Ray Y. Leonard' it carried with it only an acknowledgment of indebtedness by the signer in his individual capacity and was not binding on the company. The letter was written on the company's letter paper which contains at the head the names of the president, vice president and R. Y.

Leonard, secretary and treasurer. It was written in reply to a letter addressed to the defendant demanding payment of the claim. We think, under the circumstances, the letter was admissible. We also think that the defendant was entitled to show that the letter was written under a misapprehension of the facts and its offer to that effect was improperly overruled. It is obvious that the testimony offered was of a self-serving character, and even though it could have been made to appear that the letter was written under a misapprehension of the facts, we cannot perceive in what respect the exclusion of the offer was harmful to the defendant, especially in view of the circumstance that it was a conceded fact that the plaintiff shipped the boiler to the defendant, who used it in its business for several years, and there was an item on the defendant's books of account showing an indebtedness of $250 for the boiler in question from the defendant to the plaintiff.

"It is further insisted that the trial judge erred in receiving in evidence the conversation of the plaintiff with Albright Van Vorhis, before there was any proof of Albright's agency to speak for the defendant company. This objection, in the present case, under all the evidence, goes to the order of proof. The testimony of Albright with the plaintiff was inadmissible and could not bind the defendant company unless he was its authorized agent for the purpose of which he spoke. But there was testimony of the defendant's acts and conduct in reference to the boiler, the mailing of monthly bills by the plaintiff to defendant for the same and an item of indebtedness of $250 on the books of the defendant company to the plaintiff company for the boiler, all of which tend to establish that the defendant company ratified the acts of Van Vorhis as its agent in regard to the purchase of the boiler.

"Judgment is affirmed, with costs."

For the appellant, *Elmer W. Romine.*

For the respondent, *Charles A. Rathbun.*

PER CURIAM.

This was an action on contract in the first judicial District Court of the county of Morris. The plaintiff had judgment and an appeal was taken to the Supreme Court where it was affirmed; whereupon the defendant appealed to this court. The plaintiff-respondent contends before us that none of the ten grounds of appeal filed in this court conform to proper procedure, and moves us to hold the defendant-appellant to a compliance with the method of appellate procedure laid down by this court, citing *State* v. *Verona,* 93 *N. J. L.* 389; *Thompson* v. *East Orange,* 94 *Id.* 106; *State* v. *Metzler, Id.* 418. There is no ground of appeal in this court stating that the Supreme Court erred in giving judgment for the plaintiff-respondent instead of for the defendant-appellant, the only proper assignment under the cases cited. Besides, several of the grounds of appeal go to the finding or opinion of the court below, which is also bad. *McCarty* v. *West Hoboken,* 93 *Id.* 247; *Birtwistle* v. *Public Service Railway Co.,* 94 *Id.* 407.

As there is no ground of appeal in the record before us which raises in this court alleged error in the court below, the present appeal will be dismissed.